# IN THE COURT OF APPEALS OF IOWA

No. 21-1360
Filed October 19, 2022

**STATE OF IOWA,**
　　Plaintiff-Appellee,

**vs.**

**JEREMY SCOT QUILLEN,**
　　Defendant-Appellant.
_____

Appeal from the Iowa District Court for Boone County, Kurt J. Stoebe,
Judge.

Jeremy Scot Quillen appeals his convictions and sentences for domestic
abuse assault, third or subsequent conviction, and domestic abuse assault causing
bodily injury. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Nan Jennisch, Assistant
Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant
Attorney General, for appellee.

Considered by Bower, C.J., Tabor, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206
(2022).

**BOWER, Chief Judge.**

On the evening of December 13, 2019, Jeremy Scot Quillen grabbed his domestic partner and put her into a choke hold to keep her from leaving. She suffered redness and bruising on each side of her neck. She again tried to escape and Quillen forced her to the ground, putting his elbow into her back and injuring her rib cage. Quillen ripped her clothing as she fled and she ran semi-clothed to a neighbor's house and asked the neighbor to call 911.

Quillen was charged with domestic abuse assault, third or subsequent offense (count I), and domestic abuse assault with strangulation (count II). Quillen appeals his convictions and sentences for domestic abuse assault, third or subsequent conviction, a class 'D' felony, and domestic abuse assault causing bodily injury, a serious misdemeanor.[1] The district court sentenced Quillen to five years' imprisonment with a one-year minimum on Count I of the trial information, domestic abuse assault, third or subsequent offense, and one year in prison on Count II, domestic abuse assault causing bodily injury; the sentences to run concurrently.

On appeal, Quillen argues the trial court erred in failing to merge the two convictions and asserts sentence should have been imposed only on the domestic-abuse-assault-causing-bodily-injury conviction. "We review an alleged failure to merge convictions as required by statute for correction of errors at law." *State v. Johnson*, 950 N.W.2d 21, 23 (Iowa 2020).

---

[1] On count II, the jury found Quillen guilty of a lesser-included offense of the charged offense; the greater offense would have been a class 'D' felony.

"'The Double Jeopardy Clause prohibits multiple punishments for the same offense' and thereby 'prevents a court from imposing a greater punishment than the legislature intended.'" *Id.* at 24 (citation omitted). The State charged and proved two separate offenses. And Quillen stipulated to two prior domestic assaults convictions.

Iowa's merger statute states: "No person shall be convicted of a public offense which is necessarily included in another public offense of which the person is convicted." Iowa Code § 701.9 (2019). Offenses do not merge when merger would nullify specific statutory enhancements applicable to the merged offense. *Johnson*, 950 N.W.2d at 25–26; *see also State v. Goodson*, 958 N.W.2d 791, 806 (Iowa 2021) (stating "merger does not occur when to do so would defeat the legislative policy behind a statutory enhancement of sentencing"). Because Quillen's merger argument would defeat the legislative policy behind statutory enhancement for third-or-subsequent-offense domestic abuse assault, we find no error. We affirm.

**AFFIRMED.**